United States Court of Appeals

Fifth Circuit

**F I L E D**

**June 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41168
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE FONSECA-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-220-ALL
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guadalupe Fonseca-Sanchez (Fonseca) appeals from his guilty plea conviction for being unlawfully found in the United States following deportation, having previously been convicted of an aggravated felony. Fonseca contends that the district court erred by considering a prior assault conviction in imposing his sentence, after having sustained Fonseca's objection to the conviction. He also urges the overruling of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) and requests that the rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Blakely v. Washington, 124 S. Ct. 2531 (2004) be applied to the Federal Sentencing Guidelines.

Fonseca first claims that the district court incorrectly believed that the applicable guideline range was 21-27 months rather than 18-24 months. This claim is wholly without merit, as the court clearly stated he was sentencing Fonseca to the high end of the guideline range at 24 months.

Fonseca argues that the district court relied on the material unreliable information of the assault conviction in imposing his sentence. In reviewing a sentence imposed under the guidelines, this court reviews the district court's application or interpretation de novo and factual findings for clear error. United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). The recent decision in United States v. Booker, 125 S. Ct. 738 (2005), has not altered the standard of review in cases where the district court imposed a sentence under the guidelines. United States v. Villegas, ___ F.3d ___, 03-21220, 2005 WL 627963, *4-5 (5th Cir. Mar. 17, 2005).

The record reveals that the district court, while sentencing Fonseca to the high end of the guideline range, did not rely on the assault conviction when imposing his sentence. Rather, the court's comments on the prior conviction were used to dispel Fonseca's argument that he was entitled to a downward departure from the guidelines. Regardless, the ruling by the district court sustaining the objection had no practical effect on

Fonseca's sentencing range.  Nothing indicates that the court's decision to sentence Fonseca at the high end of the range was based on the contested assault conviction.

Fonseca next asserts that Almendarez-Torres v. United States should be overruled in light of Blakely v. Washington and Apprendi v. New Jersey, 520 U.S. 466 (2000).  He acknowledges that this issue is foreclosed but raises it to preserve for further review.  Neither Apprendi nor Blakely overruled Almendarez-Torres.  This issue is foreclosed.

Finally, Fonseca argues for the first time on appeal that Blakely should be applied to the Federal Sentencing Guidelines. The United States Supreme Court applied the rule of Blakely to the guidelines in United States v. Booker, 125 S. Ct. 738, 756 (2005).  Fonseca does not argue the application of Booker to his case other than simply stating the guidelines are unconstitutional.  Therefore he presents no issue for this court to review and, in any event, falls woefully short of demonstrating plain error that would warrant a reversal of his sentence.  *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir. 2005).

Accordingly, Fonseca's sentence is AFFIRMED.